**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ENRIQUE VALDES MORENO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-70613 <br><br> Agency No. A097-348-468 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Pasadena, California

Before: FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

Jose Enrique Valdes Moreno, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA" or "Board") denial of his

motion to reopen. Valdes Moreno's motion was untimely, but he asked that the

BIA exercise its discretion to reopen his removal order *sua sponte*. As the parties

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are familiar with the facts, we do not recount them here. We dismiss the petition for lack of jurisdiction.

Where, as here, a motion to reopen is untimely and tolling is unavailable, the only way a noncitizen "can reopen an adverse final order of removal is to ask the Board to exercise its *sua sponte* authority—that is, to reopen the case 'on its own motion.'" *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (quoting 8 C.F.R. § 1003.2(a)). To exercise its *sua sponte* reopening power, the Board "must be persuaded that the . . . situation is truly exceptional." *Id.* (citation omitted).

This court generally lacks jurisdiction to review the Board's denial of *sua sponte* reopening because the "exceptional situation" benchmark does not provide a sufficiently meaningful standard to permit judicial review. *Id.* at 581, 585-86 (citing *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002)). However, "this court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Id.* at 588. "If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its authority against the correct legal background." *Id.* (citation and internal quotation marks omitted).

Here, the BIA's denial of Valdes Moreno's motion to reopen simply stated that he had not "shown that an 'exceptional situation' exists that would warrant the

2

Board's exercise of its discretion to reopen these proceedings *sua sponte*. *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997); *Matter of G-D-*, 22 I&N Dec. 1132 (BIA 1999)."

Valdes Moreno argues that it is unclear whether the BIA's decision was based on an incorrect legal premise, which would be reviewable by this court under *Bonilla*, and therefore this court should remand for the BIA to clarify its decision. However, it is clear that the BIA's decision rested solely on its discretionary determination that Valdes Moreno failed to show an exceptional situation. Nothing in the BIA's decision suggests that it was based on a legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) ("[O]ur review under *Bonilla* is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion.").

Thus, we lack jurisdiction to review the BIA's decision to deny *sua sponte* reopening.

**PETITION DISMISSED**.